**In re Nathan & Marilyn McCALL.**

**James C. LUKER, Plaintiff,**

v.

**Heather Ivana McCALL, Defendant.**

**Bankruptcy No. 94–10128 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Batesville Division.

Oct. 24, 1995.

Danny Schieffler, West Helena, AR, for Plaintiff.

John Purtle, Batesville, AR, for Debtors and Defendant.

James C. Luker, U.S. Trustee, Wynne, AR.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE came before the Court upon the trial of the merits of the Complaint to

recover a fraudulent transfer, filed on June 12, 1995.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(a), 1334. Moreover, this Court concludes that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(H).

In July 1986, the debtors gave their daughter, the defendant Heather McCall, a 1986 Pontiac as a high school graduation present. For insurance reasons, title and insurance was maintained in the debtor father's name. Accordingly, although title was in debtor's name, the defendant was the equitable owner of the vehicle. *See* 11 U.S.C. § 541(d). Defendant drove this vehicle for several years, until September 24, 1993, she traded in the vehicle for a 1994 Chevrolet. Although she was given a $3,000 credit on the trade-in, the actual wholesale value of the Pontiac was nearer $500.

On August 12, 1994, the debtors filed a petition under Chapter 7 of the Bankruptcy Code. Thereafter, the trustee initiated this action under Bankruptcy Code sections 547, 548(a), 544, and the Arkansas fraudulent transfer statutes, seeking recovery of the $3,000 trade-in allowance from the debtors' daughter.

■ The trustee asserts that the debtor father transferred an interest he held in the vehicle to his daughter with the intent to hinder, delay, or defraud their creditors, 11 U.S.C. § 548(a)(1); Ark.Code Ann. §§ 4–59–204, 4–59–205, such that the transfer must be avoided. The trustee also asserts a cause of action under section 547 inasmuch as the transfer enabled debtor's daughter to receive more than she would receive under Chapter 7 had the transfer not been made.

Any theory of recovery the trustee asserts must fail because the transfer of value was made to Heather McCall in 1986 when the debtors gave her the 1986 Pontiac. At that time, although the debtor retained legal title to the vehicle, the equitable interest in the vehicle was given to defendant. *Cf. Cowden v. Ramsay (In re Cowden )*, 154 B.R. 531 (Bankr.E.D.Ark.1993) (proceeds from bank account held in mother's name were equitable property of children); 11 U.S.C. § 541(d). When the 1986 Pontiac was exchanged in 1993 for another vehicle and the debtor relinquished nominal title to the 1986 Pontiac, there was no transfer of any monetary value given to the defendant. The debtor had no equitable interest in the $3,000 trade-in allowance. Even had the debtor an equitable interest in this vehicle, the credible evidence revealed that the true value of that interest is more in the area of $500, not $3,000. Accordingly, while the debtor held legal title to the Pontiac, there is no $3,000 "interest of the debtor in property," 11 U.S.C. §§ 547(b), 548, for the trustee to recover.

■ Second, the Court finds that the transfer was not made with any fraudulent intent. Specifically, there was no intent to hinder, delay or defraud any other entity. In 1986 the debtors, as they had with their other children, gave their daughter, then a high school senior, a car. Eight years later, in 1994 she traded that vehicle. The only interest and involvement of the debtor father was his retention of legal title in order to maintain insurance at a lesser cost to the daughter. There was no evidence of fraudulent intent in either of these transactions. Indeed, the only effect upon the debtor or, ultimately, to the bankruptcy estate, was relinquishment of legal title to a wrecked automobile of at most salvage value. Accordingly, it is

**ORDERED** that judgment shall be entered in favor of the defendant and the complaint dismissed.

**IT IS SO ORDERED.**

### *JUDGMENT*

This action came on for trial before the Court, Honorable Mary Davies Scott, U.S. Bankruptcy Judge, presiding, and the issues having been duly tried and a decision having been duly rendered,

**It is Ordered and Adjudged** that the plaintiff take nothing and that the action be dismissed on the merits.

**IT IS SO ORDERED.**